

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION,

Plaintiff,

- vs -

GRM INFORMATION MANAGEMENT SERVICES,
INC.,

Defendant.

Civil Action No. _____



## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1441, Defendant files this

Notice of Removal to the United States District Court for the Southern District of New York, and

states as follows:

1.    Plaintiff commenced this action on February 10, 2011 by filing a Complaint in the

Supreme Court of the State of New York, County of New York, bearing Index No. 400392/2011

(the "State Court Action"), a copy of which is annexed hereto as Exhibit A.

2.    This is a negligence and breach of contract action brought by New York City's

Health and Hospital Corporation against its records management contractor, GRM Information

Management Services, Inc. ("GRM").

3.    The Complaint alleges that, on or about December 23, 2010, "four (4) vaults"

(tape containers) from the JMC Data Center and "two (2) vaults" (tape containers) from the HHC

Corporate Data Center were stolen from a GRM van while it was parked in Harlem, NY.

Complaint ¶¶ 26, 28-29. The tape containers contained the protected health information and

other confidential information with regard to numerous of plaintiff's patients and confidential

information of plaintiff's employees and other workforce members. Complaint ¶ 27. The

Complaint contains counts for negligence, breach of contract, contractual indemnity and declaratory judgment.

4.    On February 11, 2011, a copy of the Complaint, along with a summons, was e-mailed by Salvatore Russo, Esq., General Counsel of Plaintiff to (former outside) counsel for GRM, Bruce Fischman, Esq.  A copy of the email is annexed hereto as Exhibit B.

5.    Furthermore, the Complaint was served on Fran Parker on behalf of GRM on February 28, 2011.

6.    Given that GRM was made aware of the Complaint "through service or otherwise" (as set forth in the statute) on February 11, 2011 via email from Mr. Russo to Mr. Fishman, this Notice of Removal is being filed in a timely manner pursuant to 28 U.S.C. § 1446(b).

## Federal Jurisdiction is Proper Pursuant to 28 U.S.C. § 1332

7.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiff and Defendant and because the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

## Diversity of Citizenship of Proper Parties

8.    There is complete diversity of citizenship between the Plaintiff and GRM.

9.    Upon information and belief, Plaintiff is, and at all relevant times was, a citizen of New York. *See* Complaint ¶ 4.

10.    Defendant GRM Information Management Services, Inc. is, and at the time this action was commenced was, a corporation incorporated under the laws of the State of New Jersey with its principal place of business in New Jersey. *See* Complaint ¶ 5.

**The Amount in Controversy Exceeds $75,000**

11.     Plaintiff seeks an unspecified amount on its various causes of action and prays for "an amount to exceed $5 million" together with costs and disbursements of this action  *See* Complaint at p. 11.

12.     Without admitting, and expressly denying the validity of Plaintiff's causes of action, the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interests and costs.

**Federal Jurisdiction is Also Proper Pursuant to 28 U.S.C. § 1331**

13.     Plaintiff's case also presents a federal question under the Health Insurance Portability and Accountability Act of 1996, P.L.104-191 ("HIPAA") and "other federal and state laws" in at paragraphs included but not necessarily limited to 18, 20, 21, 25, 33,39, 44, 50, 52 and 53.

14.     Plaintiff alleges that "[t]he protection, security and confidentiality of patient records and personal information contained (in the tape containers) is regulated largely by HIPAA."  *See* Complaint ¶ 18.

15.     Plaintiff alleges that GRM had a duty to comply with HIPAA in carrying out its obligations under the contract with HHC.  *See* Complaint ¶¶ 20-21.

16.     Plaintiff alleges that GRM acted "negligently and in breach of its contractual obligations and HIPAA…"  *See* Complaint ¶ 53.

17.     The Complaint also seeks damages under HIPAA. *See* Complaint ¶¶ 25, 35, 44, 50.

18.     Plaintiff's claims based on HIPAA present a federal question. The matter therefore is removable, in its entirety, to this Court pursuant to 28 U.S.C. §§ 1441(a) and (b).

**Conclusion**

19.     In conclusion, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because: (1) there is complete diversity of citizenship among Plaintiff and Defendant, and (2) based on the injuries and damages claimed in the Complaint, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interests and costs.

20.     The Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because there is a federal question based upon plaintiff's allegations of HIPAA.

21.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it was filed within thirty (30) days after GRM was made aware of the action by email on February 11, 2011 ["through service or otherwise" as set forth in the statute].

22.     Written notice of the filing of this Notice of Removal will be given to Plaintiff.

23.     Written notice of this Notice of Removal and a true and correct copy thereof will be filed with the Supreme Court of the State of New York, New York County, as provided by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests that the action now pending in the Supreme Court of the State of New York, New York County, bearing Index No. 400392/2011, and entitled " THE NEW YORK CITY HEALTH AND HOSPITALS CORPORATION v. GRM INFORMATION MANAGEMENT SERVICES, INC." be removed to this Court.

DATED:     New York, New York
           March 11, 2011

                             NIXON PEABODY LLP

                             By: _____
                                 James Weller
                                 Aaron S. Halpern

-4-

50 Jericho Quadrangle
Suite 300
Jericho, New York  11753-2728
(516) 832-7500
E-Mail:  jweller@nixonpeabody.com

*Attorneys for Defendant*
GRM Information Management Services, Inc.

TO:     Joshua P. Rubin, Esq.
        Michael Cardozo
        100 Church Street
        New York, NY  10007
        (212) 788-0995

        *Attorneys for Plaintiff*

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------ x

THE NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION,

**SUMMONS**

Plaintiff,

ㄴٔ OO 392/2011

-against-

GRM INFORMATION MANAGEMENT SERVICES,
INC.,

Defendant.

------------------------------------------------------------------ x

To the above-named defendants:

        You are hereby summoned and required to serve upon plaintiff's attorney an
answer to the verified complaint in this action within twenty (20) days after the service of this
summons, exclusive of the day of service, or within thirty (30) days after the service of this
summons, exclusive of the date of service, if this summons is not personally delivered to you
within the State of New York.  In case you fail to appear or answer, judgment will be taken
against you by default for the relief demanded in the complaint.

        The basis of the venue is the residence of the plaintiff, which is New York
County.

Dated:     New York, New York
           February 10, 2011

                            **MICHAEL A. CARDOZO**
                            Corporation Counsel of the
                            City of New York
                            Attorney for Plaintiff
                            100 Church Street
                            New York, NY 10007
                            (212) 788-0995

        By:   _____
                  Joshua P. Rubin

12

To:

New York State Secretary of State
Office of the Department of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231
*For service of process pursuant to BCL § 306*


Address for service of process by Secretary of State:

GRM Information Management Services, Inc.
450 West 15th Street
New York, New York 10011


Corporate Headquarters:

GRM Information Management Services, Inc.
215 Coles Street
Jersey City, New Jersey 07310
866-947-6932

13

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------- x

THE NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION,

                                            Plaintiff,

                       -against-

GRM INFORMATION MANAGEMENT SERVICES,
INC.,

                                   Defendant.

-------------------------------------------------------------------- x

**COMPLAINT**

Index No.:   400 392/11

        The New York City Health and Hospitals Corporation ("HHC"), by its counsel,

Michael A. Cardozo, Corporation Counsel of the City of New York, for its complaint against

GRM Information Management Services, Inc. ("GRM"), alleges as follows:

## PRELIMINARY STATEMENT

       1.     HHC brings this action against its vendor, GRM, which has contracted to

provide HHC with secure off-site transport and storage of large amounts of data containing

confidential patient information, including secure transport to and from HHC facilities and

GRM's storage location.

       2.     GRM negligently, and in breach of its statutory and contractual obligations,

allowed the theft of six HHC data tapes by leaving them in a GRM van that a GRM employee

had left unlocked and unattended while the GRM van was parked on a busy Manhattan street. In

so doing, GRM allowed the theft of the protected health information ("PHI") and other

confidential information of roughly 1.7 million HHC clients, as well as confidential information

of employees and other workforce members.

3.     HHC is required by federal and state law to provide individual notification to each person whose data was compromised by the theft. The costs associated with such notification are likely to exceed $5 million. Further, HHC might now be at risk of liability to individuals whose PHI and other confidential information was compromised due to the theft from GRM's van. HHC brings this action to seek indemnification from GRM and recover any other costs or losses it incurs as a result of the theft of the data from GRM's unlocked van.

## PARTIES

4.     Plaintiff, the New York City Health and Hospitals Corporation, is a public benefit corporation organized and existing under the laws of the State of New York, which operates the largest municipal hospital and health care system in the country.

5.     Defendant GRM Information Management Services, Inc., is a New Jersey corporation with principal place of business in Jersey City, New Jersey.

## JURISDICTION AND VENUE

6.     Jurisdiction is proper under Article 3 of the CPLR.

7.     Venue is proper under Article 5 of the CPLR.

## FACTS

8.     HHC is a $6.7 billion integrated healthcare delivery system with its own 385,000 member health plan, MetroPlus, and is the largest municipal healthcare organization in the country.

9.     HHC serves 1.3 million New Yorkers every year and more than 450,000 are uninsured.

10.     HHC provides medical, mental health and substance abuse services through its 11 acute care hospitals, four skilled nursing facilities, six large diagnostic and treatment centers and more than 80 community based clinics.

11.     Accordingly, HHC possesses electronic and/or paper records concerning millions of patients seen and treated in HHC facilities over the years.

12.     While HHC maintains patient records on-site, it requires the ability to recover and access patient records in the event of a disaster or other circumstances compromising its on-site electronic storage and retrieval of patient data.  To that end, HHC requires secure off-site storage of data back-up tapes and copies of written and electronic medical records in various formats.

13.     In 2008, HHC put out a bid request, Bid Request no. 027-0086, for a requirements contract for the long-term secure off-site storage for data.

14.     GRM submitted a bid in response to HHC's request.  GRM touted itself as "the recognized leader in the information management industry."  GRM represented that its "facilities and security systems exceed the highest industry standards" and that it "securely manage[s] over 4,000,000 cubic feet of magnetic media and hard copy records for more than 4,800 customers."

15.     HHC and GRM thereafter executed a contract for "Off-Site Storage Facility Services," HHC Agreement Number 11-03-0004, executed by the parties and made as of March 5, 2008 ("Agreement").  The bid request and GRM's response thereto are incorporated into the Agreement.

3

16.     The Agreement is a requirements contract for off-site "storage and retrieval of computer media and computer operations support documentation for [HHC's] central data center and all HHC facilities that choose to utilize the off-site storage service . . . ."

17.     The Agreement covers storage of data in electronic form (tape, cartridges, diskettes, CD-rom, etc.) and paper, including photographic copies of paper (binders, microfiche/microfilm etc.).

18.     Much of the media that HHC intended to store and did store at GRM's facilities contains "protected health information" ("PHI") as that term is defined in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). The protection, security and confidentiality of patient records and personal information contained therein is regulated largely by HIPAA. Among other things, HIPAA and regulations promulgated thereunder set rules and standards for handling PHI.

19.     The Agreement contains numerous provisions that specifically highlight and enforce the need for GRM to safeguard the PHI of HHC's clients that would be contained in the data stored with GRM and GRM's commitment to do so.

20.     Among other things, the Agreement contains and incorporates HHC's "HIPAA Regulations Notice" which requires GRM, as a "business associate" of HHC's as that term is used in HIPAA, to comply with all applicable HIPAA regulations as a condition of doing business with HHC.

21.     The Agreement includes a "Business Associate Agreement" in which GRM agreed that it is a Business Associate under HIPAA and it "committed to complying with the Standards of Privacy or Individually Identifiable Health Information under [HIPAA] . . . ."

4

22.     Under the Business Associate Agreement, all uses and disclosures of PHI by GRM are prohibited except as expressly permitted by the Agreement.

23.     The Business Associate Agreement required GRM "to use commercially reasonable efforts to maintain the confidentiality and security of PHI regardless of media (including written, oral and electronic) and to prevent unauthorized use and/or disclosure of such PHI by implementing and maintaining appropriate protection policies and procedures."

24.     Under the Agreement, GRM agreed to provide "scheduled media pick-up and delivery via climate-controlled, secure and fireproof vehicles."

25.     The Agreement requires GRM to indemnify HHC against "all losses suffered by HHC and all liability to third parties arising from or in connection with any breach of this Agreement or of any warranty hereunder or from any negligence or wrongful acts or omissions, including failure to perform [GRM's] obligations under HIPAA by [GRM] and/or its employees, directors, officers, subcontractors, agents, or other members of its workforce."

26.     On or about December 23, 2010, on information and belief, a GRM-employed driver drove a GRM van to the campus of HHC's Jacobi Medical Center ("JMC") and picked up seven (7) vault cases containing tapes, disks and/or other media containing electronic information, including PHI, from the JMC Data Center and five (5) such vault cases from HHC's Corporate Data Center located on the JMC campus.

27.     All twelve (12) vaults contained the PHI and other confidential information of numerous HHC patients and confidential information of HHC employees and other workforce members.

28.     On information and belief, the GRM van made a subsequent stop at 290 Lenox Avenue in Harlem.

5

29.    According to a police report, four (4) of the vaults from the JMC Data Center and two (2) of the vaults from the HHC Corporate Data Center, were stolen from the GRM van while it remained unlocked and unattended.

30.    According to the police report, the GRM driver admitted that he left the van unattended and unlocked while the van was parked on the street on Lenox Avenue.

31.    The stolen tapes, disks and/or other media contained health information of roughly 1.7 million patients who received care between 1991 and 2010 at Jacobi Medical Center, the North Central Bronx Hospital ("NCB") and their affiliated community based clinics, and confidential information of HHC employees and other workforce members.  The files contained on the stolen media were not encrypted, but the data exists in a proprietary program that scrambles the records and would make it difficult for individuals without highly specialized technical expertise to access the private information.

32.    Upon information and belief, the police investigation has not resulted in the arrest of any suspects or the recovery of the missing vaults or any contents thereof.

33.    HIPAA requires that HHC mail notice to each individual whose PHI was contained in the tapes, disks and other media that were stolen from GRM's van.  Other federal and state laws require notification to individuals, such as employees and other workforce members, whose personal and confidential information was contained in the stolen media.

34.    HHC is providing the notice to individuals and appropriate government agencies as required by law, and taking other steps to protect the individuals whose PHI and other confidential information was contained on the data tapes.  The associated costs are likely to exceed $5 million.

35.     Pursuant to the Agreement, HHC demanded that GRM cover the costs associated with HIPAA-mandated notification and other notification costs HHC has and will incur due to the theft.  To date, GRM has not agreed to fulfill its contractual obligation to indemnify HHC or otherwise cover any costs HHC has incurred or will incur as a result of the theft of the data from GRM's unlocked truck.

### FIRST CAUSE OF ACTION
### (Negligence)

36.     As and for a first cause of action, plaintiff repeats and realleges the allegations contained in paragraphs 1 through 35 herein with the same force and effect as if fully set forth in this paragraph.

37.     GRM specializes in the secure transport and storage of sensitive and confidential information, including PHI, in electronic and other forms.

38.     GRM knew that it would be transporting and storing tapes and other media belonging to HHC containing the PHI and other confidential information of HHC patients.

39.     GRM had a duty of care at common law and under HIPAA and other federal and state laws, independent of the Agreement, to securely transport and maintain any items for storage containing PHI and other confidential information it received from HHC.  The level of care and security GRM had a duty to provide is commensurate with the acknowledged need to ensure that there is no unauthorized access to PHI or other confidential information of HHC patients, employees and other workforce members.

40.     As a Business Associate of HHC, GRM had an affirmative duty to protect the confidentiality of electronic PHI and other confidential information received, maintained or transported in performing services for HHC.

7

41.     GRM breached its duty of care by leaving the data containing PHI and other confidential information in a vehicle that was unlocked and unattended while parked on a City street.

42.     GRM's breach of its duty was the direct, but for, and proximate cause of the theft by which the PHI and other confidential information was stolen.

43.     As a result of GRM's breach, HHC has and will suffer damages in the form of notification costs and potential liability to third parties, among other things.

44.     As a result of GRM's negligence, HHC has or will suffer damages in an amount to be determined but believed to exceed $5 million, in connection with HIPAA-mandated notification and other costs of providing mandated notification to individuals whose PHI and other confidential information was compromised by GRM's negligence, as well as potential third party liability.

### SECOND CAUSE OF ACTION
#### (Breach of Contract)

45.     As and for a second cause of action, plaintiff repeats and realleges the allegations contained in paragraphs 1 through 35 herein with the same force and effect as if fully set forth in this paragraph.

46.     The Agreement required that GRM securely transport and store data tapes from HHC containing PHI and other confidential information.

47.     The Agreement required GRM "to use commercially reasonable efforts to maintain the confidentiality and security of PHI regardless of media (including written, oral and electronic) and to prevent unauthorized use and/or disclosure of such PHI by implementing and maintaining appropriate protection policies and procedures."

8

48.     GRM acknowledged in the Agreement its obligations under HIPAA as a Business Associate of HHC.

49.     GRM breached the Agreement by failing to secure its transport van, thereby leaving the vault boxes containing PHI and other confidential information of HHC patients unlocked and unattended on a city street and permitting unauthorized access to the data.

50.     As a result of GRM's breach, HHC has or will suffer damages in an amount to be determined but believed to exceed $5 million for HIPAA-mandated notification and other costs incurred in connection with providing notification to individuals whose PHI and other confidential information was compromised by GRM's breach and negligence, as well as other costs and the risk of liability to third parties.

### THIRD CAUSE OF ACTION
**(Contractual Indemnification)**

51.     As and for a third cause of action, plaintiff repeats and realleges the allegations contained in paragraphs 1 through 35 herein with the same force and effect as if fully set forth in this paragraph.

52.     The Agreement requires GRM to indemnify HHC against "all losses suffered by HHC and all liability to third parties arising from or in connection with any breach of this Agreement or of any warranty hereunder or from any negligence or wrongful acts or omissions, including failure to perform [GRM's] obligations under HIPAA by [GRM] and/or its employees, directors, officers, subcontractors, agents, or other members of its workforce."

53.     GRM acted negligently, and in breach of its contractual obligations and HIPAA, when it left data tapes containing PHI and other confidential information in an unlocked and unattended truck parked on a public street, resulting in the theft of the tapes, disks and other media.

9

54.   HHC has incurred and will incur losses for which GRM has indemnified HHC under the Agreement.

55.   GRM is therefore required to indemnify HHC for its losses, including, but not limited to, the costs of notification and any costs resulting from any exposure HHC may have to third party liability.

### FOURTH CAUSE OF ACTION
### (Declaratory Judgment)

56.   As and for a fourth cause of action, plaintiff repeats and realleges the allegations contained in paragraphs 1 through 35 herein with the same force and effect as if fully set forth in this paragraph.

57.   HHC seeks a declaratory judgment that GRM is liable to HHC for any and all losses, costs and/or damages that HHC has incurred or will incur as a result of GRM's negligence and breach of its contractual and statutory obligations.

### PRAYER FOR RELIEF

WHEREFORE, the plaintiffs respectfully request that this Court enter an order and judgment:

a.      Holding GRM liable for negligence for the theft of HHC's data tapes, disks and other media from GRM's van;

b.      Holding GRM liable for breach of the Agreement for the theft of HHC's data tapes, disks and other media from GRM's van;

c.      Holding that the Agreement requires GRM to indemnify HHC for any losses, costs and/or damages HHC has incurred or will incur in connection with the theft of HHC's data tapes, disks and other media from GRM's van;

d.          Issuing a declaratory judgment that GRM is liable to HHC for any and all losses, costs and/or damages that HHC has or will incur as a result of GRM's negligence and breach of its contractual and statutory obligations, including the costs of notice to individuals and costs and losses associated with any resulting third party liability;

e.          Ordering that GRM pay HHC damages due to its negligence in an amount to be judicially determined, but believed to equal or exceed $5,000,000;

f.          Ordering that GRM pay HHC damages due to its breach of contract in an amount to be judicially determined, but believed to equal or succeed $5,000,000;

g.          Awarding pre-judgment interest; and

h.          Ordering such other and further relief as the Court deems just and proper.

Dated:     New York, New York
            February 10, 2011

                           **MICHAEL A. CARDOZO**
                           Corporation Counsel of the
                             City of New York
                           Attorney for Plaintiff
                           100 Church Street, Room
                           New York, NY 10007
                           (212) 788-0995

                By:     _Joshua Rubin_
                           Joshua P. Rubin

11

Index No. 400 392/11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

THE NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION,

Plaintiff,

-against-

GRM INFORMATION MANAGEMENT SERVICES, INC.,

Defendant.

SUMMONS AND COMPLAINT

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Petitioners
100 Church Street
New York, N.Y. 10007

Of Counsel: Joshua P. Rubin
Tel. (212) 788-0995
NYCLIS No. 2011000701

# EXHIBIT B

**From:** "Salvatore Russo" <Salvatore.Russo@nychhc.org>
**To:** "Bruce Fischman" <Bruce@fhdlaw.com>
**Subject: GRM Management Information Services**

Dear Mr. Fischman:

As a courtesy, I am attaching an electronic copy of both HHC's letter of termination of the contract with GRM, and the summon and complaint instituting suit against GRM.

Yours truly,


Salvatore J. Russo
General Counsel
New York City Health & Hospitals Corporation
125 Worth Street, Suite 527
New York, New York 10013
Telephone No. (212) 788-3300
Fax No. (212) 267-6905
email salvatore.russo@nychhc.org


-------------------------------------------
Visit www.nyc.gov/hhc

CONFIDENTIALITY NOTICE: The information in this E-Mail may be
confidential and may be legally privileged. It is intended solely
for the addressee(s). If you are not the intended recipient, any
disclosure, copying, distribution or any action taken or omitted to
be taken in reliance on this e-mail, is prohibited and may be
unlawful. If you have received this E-Mail message in error, notify
the sender by reply E-Mail and delete the message.

Please Visit Our New Website at www.rivkinradler.com

NOTICE: This message may contain information that is confidential or privileged. If you are not the intended recipient, please advise the sender immediately and delete this message.
See http://www.rivkinradler.com/email-disclaimer.cfm for further information on confidentiality