UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION,
                                            Plaintiff,

- vs -

GRM INFORMATION MANAGEMENT SERVICES,
INC.,
                                            Defendant.

Civil Action No. 11 Civ 1702

## DEFENDANT GRM INFORMATION MANAGEMENT SERVICES, INC. ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Fed. R. Civ. P. Rules 7 and 8, defendant GRM Information Management Services, Inc., ("GRM"), by and through its attorneys, hereby responds to the Complaint of The New York City Health and Hospitals Corporation ("HHC") as follows:

### AS TO "PRELIMINARY STATEMENT"

1. To the extent Paragraph 1 refers to the March 5, 2008 contract (Number 11-03-0004) between HHC and GRM, GRM contends that the document speaks for itself. GRM refers to the actual document for a fair and accurate portrayal of its content and any characterization of the document is denied. GRM denies any remaining vague and ambiguous allegations contained in Paragraph 1 of the Complaint.

2. GRM denies the allegations contained in Paragraph 2.

3. GRM denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

### AS TO "PARTIES"

4. GRM denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5.  GRM admits the allegations contained in Paragraph 5.

## AS TO "JURISDICTION AND VENUE"

6.  Paragraph 6 of the Complaint contains a legal conclusion which requires no response. To the extent Paragraph 6 requires a response, GRM denies knowledge or information sufficient to form a belief as to the truth of the vague and ambiguous allegations contained in Paragraph 6 of the Complaint.

7.  Paragraph 7 of the Complaint contain legal conclusions which require no response. To the extent Paragraph 7 requires a response, GRM denies knowledge or information sufficient to form a belief as to the truth of the vague and ambiguous allegations contained in Paragraph 7 of the Complaint.

## AS TO "FACTS"

8.  GRM denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.  GRM denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. GRM denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. GRM denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. GRM denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. GRM denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

-3-

14.   To the extent Paragraph 14 refers to GRM's bid request, GRM contends that the document speaks for itself. GRM refers to the actual document for a fair and accurate portrayal of its content and any characterization of the document is denied. GRM denies any remaining vague and ambiguous allegations contained in Paragraph 14 of the Complaint.

15.   To the extent Paragraph 15 refers to the March 5, 2008 contract (Number 11-03-0004), GRM contends that the document speaks for itself. GRM refers to the actual document for a fair and accurate portrayal of its content and any characterization of the document is denied. GRM denies any remaining vague and ambiguous allegations contained in Paragraph 15 of the Complaint.

16.   To the extent Paragraph 16 refers to the March 5, 2008 contract (Number 11-03-0004), GRM contends that the document speaks for itself. GRM refers to the actual document for a fair and accurate portrayal of its content and any characterization of the document is denied. GRM denies any remaining vague and ambiguous allegations contained in Paragraph 16 of the Complaint.

17.   To the extent Paragraph 17 refers to the March 5, 2008 contract (Number 11-03-0004), GRM contends that the document speaks for itself. GRM refers to the actual document for a fair and accurate portrayal of its content and any characterization of the document is denied. GRM denies any remaining vague and ambiguous allegations contained in Paragraph 17 of the Complaint.

18.   Paragraph 18 of the Complaint contain legal conclusions which require no response. To the extent Paragraph 18 requires a response, GRM denies knowledge or information sufficient to form a belief as to the truth of the vague and ambiguous allegations contained in Paragraph 18 of the Complaint.

19. To the extent Paragraph 19 refers to the March 5, 2008 contract (Number 11-03-0004), GRM contends that the document speaks for itself. GRM refers to the actual document for a fair and accurate portrayal of its content and any characterization of the document is denied. GRM denies any remaining vague and ambiguous allegations contained in Paragraph 19 of the Complaint.

20. To the extent Paragraph 20 refers to the March 5, 2008 contract (Number 11-03-0004), GRM contends that the document speaks for itself. GRM refers to the actual document for a fair and accurate portrayal of its content and any characterization of the document is denied. GRM denies any remaining vague and ambiguous allegations contained in Paragraph 20 of the Complaint.

21. To the extent Paragraph 21 refers to the March 5, 2008 contract (Number 11-03-0004), GRM contends that the document speaks for itself. GRM refers to the actual document for a fair and accurate portrayal of its content and any characterization of the document is denied. GRM denies any remaining vague and ambiguous allegations contained in Paragraph 21 of the Complaint.

22. To the extent Paragraph 22 refers to the March 5, 2008 contract (Number 11-03-0004), GRM contends that the document speaks for itself. GRM refers to the actual document for a fair and accurate portrayal of its content and any characterization of the document is denied. GRM denies any remaining vague and ambiguous allegations contained in Paragraph 22 of the Complaint.

23. To the extent Paragraph 23 refers to the March 5, 2008 contract (Number 11-03-0004), GRM contends that the document speaks for itself. GRM refers to the actual document for a fair and accurate portrayal of its content and any characterization of the document is

denied. GRM denies any remaining vague and ambiguous allegations contained in Paragraph 23 of the Complaint.

24.  To the extent Paragraph 24 refers to the March 5, 2008 contract (Number 11-03-0004), GRM contends that the document speaks for itself. GRM refers to the actual document for a fair and accurate portrayal of its content and any characterization of the document is denied. GRM denies any remaining vague and ambiguous allegations contained in Paragraph 24 of the Complaint.

25.  To the extent Paragraph 25 refers to the March 5, 2008 contract (Number 11-03-0004), GRM contends that the document speaks for itself. GRM refers to the actual document for a fair and accurate portrayal of its content and any characterization of the document is denied. GRM denies any remaining vague and ambiguous allegations contained in Paragraph 25 of the Complaint.

26.  GRM denies the allegations in Paragraph 26 as alleged.

27.  GRM denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28.  GRM denies the allegations in Paragraph 28 as alleged.

29.  To the extent Paragraph 29 refers to a document, GRM contends that the document speaks for itself. GRM refers to the actual document for a fair and accurate portrayal of its content and any characterization of the document is denied. GRM denies any remaining vague and ambiguous allegations contained in Paragraph 29 of the Complaint.

30.  To the extent Paragraph 30 refers to a document, GRM contends that the document speaks for itself. GRM refers to the actual document for a fair and accurate

portrayal of its content and any characterization of the document is denied. GRM denies any remaining vague and ambiguous allegations contained in Paragraph 30 of the Complaint.

31. GRM denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. GRM denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint contain legal conclusions which require no response. To the extent Paragraph 33 requires a response, GRM denies knowledge or information sufficient to form a belief as to the truth of the vague and ambiguous allegations contained in Paragraph 33 of the Complaint.

34. GRM denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35. To the extent Paragraph 35 refers to the March 5, 2008 contract (Number 11-03-0004) between HHC and GRM, GRM contends that the document speaks for itself. GRM refers to the actual document for a fair and accurate portrayal of its content and any characterization of the document is denied. GRM denies any remaining vague and ambiguous allegations contained in Paragraph 35 of the Complaint.

## AS TO "FIRST CAUSE OF ACTION (Negligence)"

36. GRM, reiterates and realleges its answers to Paragraphs "1" through "35" of the Complaint with the same force and effect as if hereinafter set forth at length. GRM further denies the allegations contained in the subtitle immediately preceding Paragraph 36.

37. GRM admits that it is in the business of transporting and storing information, but denies the remaining vague and ambiguous allegations remaining in paragraph 37 of the Complaint.

38. GRM admits that it is in the business of transporting and storing information, but denies the remaining vague and ambiguous allegations remaining in paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint contains legal conclusions which require no response. To the extent Paragraph 39 requires a response, GRM denies knowledge or information sufficient to form a belief as to the truth of the vague and ambiguous allegations contained in Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint contains legal conclusions which require no response. To the extent Paragraph 40 requires a response, GRM denies knowledge or information sufficient to form a belief as to the truth of the vague and ambiguous allegations contained in Paragraph 40 of the Complaint.

41. GRM denies the allegations contained in Paragraph 41.

42. GRM denies the allegations contained in Paragraph 42.

43. GRM denies the allegations contained in Paragraph 43.

44. GRM denies the allegations contained in Paragraph 44.

**AS TO "SECOND CAUSE OF ACTION (Breach of Contract)"**

45. GRM, reiterates and realleges its answers to Paragraphs "1" through "35" of the Complaint with the same force and effect as if hereinafter set forth at length. GRM further denies the allegations contained in the subtitle immediately preceding Paragraph 45.

46. To the extent Paragraph 46 refers to the March 5, 2008 contract (Number 11-03-0004) between HHC and GRM, GRM contends that the document speaks for itself. GRM refers to the actual document for a fair and accurate portrayal of its content and any characterization of the document is denied. GRM denies any remaining vague and ambiguous allegations contained in Paragraph 46 of the Complaint.

47. To the extent Paragraph 47 refers to the March 5, 2008 contract (Number 11-03-0004) between HHC and GRM, GRM contends that the document speaks for itself. GRM refers to the actual document for a fair and accurate portrayal of its content and any characterization of the document is denied. GRM denies any remaining vague and ambiguous allegations contained in Paragraph 47 of the Complaint.

48. To the extent Paragraph 48 refers to the March 5, 2008 contract (Number 11-03-0004) between HHC and GRM, GRM contends that the document speaks for itself. GRM refers to the actual document for a fair and accurate portrayal of its content and any characterization of the document is denied. GRM denies any remaining vague and ambiguous allegations contained in Paragraph 48 of the Complaint.

49. GRM denies the allegations contained in Paragraph 49.

50. GRM denies the allegations contained in Paragraph 50.

### AS TO "THIRD CAUSE OF ACTION (Contractual Indemnification)"

51. GRM, reiterates and realleges its answers to Paragraphs "1" through "35" of the Complaint with the same force and effect as if hereinafter set forth at length. GRM further denies the allegations contained in the subtitle immediately preceding Paragraph 51.

52. To the extent Paragraph 52 refers to the March 5, 2008 contract (Number 11-03-0004) between HHC and GRM, GRM contends that the document speaks for itself. GRM

refers to the actual document for a fair and accurate portrayal of its content and any characterization of the document is denied. GRM denies any remaining vague and ambiguous allegations contained in Paragraph 52 of the Complaint.

53. GRM denies the allegations contained in Paragraph 53.

54. GRM denies the allegations contained in Paragraph 54.

55. GRM denies the allegations contained in Paragraph 55.

### AS TO "THIRD CAUSE OF ACTION (Contractual Indemnification)"

56. GRM, reiterates and realleges its answers to Paragraphs "1" through "35" of the Complaint with the same force and effect as if hereinafter set forth at length. GRM further denies the allegations contained in the subtitle immediately preceding Paragraph 56.

57. Paragraph 57 of the Complaint contains legal conclusions which require no response. To the extent Paragraph 57 requires a response, GRM denies knowledge or information sufficient to form a belief as to the truth of the vague and ambiguous allegations contained in Paragraph 57 of the Complaint.

### AS TO "PRAYER FOR RELIEF"

GRM denies that Plaintiff is entitled to recover from GRM the damages or any relief sought in the Complaint.

### DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim or cause of action upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims and causes of action are barred in whole or in part by the applicable statute of limitations or repose.

### THIRD DEFENSE

Plaintiff's claims and causes of action are barred in whole or in part because GRM owed no legal duty to the Plaintiff or, if it owed a legal duty, it did not breach that duty.

### FOURTH DEFENSE

Plaintiff's claims and causes of action are barred in whole or in part because none of the alleged acts or omissions of GRM were the proximate cause of the injuries and damages allegedly sustained by the Plaintiff.

### FIFTH DEFENSE

Plaintiff's claims and causes of action are barred in whole or in part and the recoverable damages, if any, should be diminished because of Plaintiff's own fault, negligence and culpable conduct.

### SIXTH DEFENSE

Plaintiff's claims and causes of action may be barred or Plaintiff's damages may be reduced, under the doctrine of comparative negligence.

### SEVENTH DEFENSE

Plaintiff's claims and causes of action are barred in whole or in part because the alleged injuries and damages were caused, if by anything other than Plaintiff's own culpable conduct, by the acts or omissions of third parties over whom GRM has no control or right of control.

### EIGHTH DEFENSE

Plaintiff's claims and causes of action are barred in whole or in part because of the independent, intervening and superceding negligence of third parties over whom GRM has no control and with respect to whom it has no legal responsibility or liability.

## NINTH DEFENSE

Plaintiff's damages, if any, may be reduced, barred or offset to the extent Plaintiff failed to mitigate its damages.

## TENTH DEFENSE

Plaintiff's claims and causes of action are barred in whole or in part because Plaintiff failed to include GRM in any risk assessment or attempted mitigation and therefore cannot seek indemnity under the contract (Number 11-03-0004).

## ELEVENTH DEFENSE

Plaintiff's damages, if any, may be reduced, barred or offset by the doctrines of laches, waiver and estoppel.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## THIRTEENTH DEFENSE

Plaintiff's recovery is barred, diminished, reduced or offset under the principles of assumption of the risk.

## FOURTEENTH DEFENSE

Upon information and belief, Plaintiff has actual or imputed knowledge from prior data breach incidents involving disclosure of protected health information, internal audits and recommendations by third-party vendors that Plaintiff's data at rest was vulnerable to disclosure if lost, misplaced, stolen or otherwise unaccounted for by Plaintiff or others. Plaintiff assumed the risk of all damage resulting from disclosure, and otherwise have waived and is estopped from any claim or cause of action.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because it violated the Privacy and Security Rules of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the Health Information Technology for Economic and Clinical Health ("HITECH") Act.

### SIXTEENTH DEFENSE

Plaintiff's claims and causes of action are barred in whole or in part because Plaintiff improperly retained protected health information.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because it retained protected health information in excess of the requirements of New York law, HIPAA and HITECH.

### EIGHTEENTH DEFENSE

There is no private cause of action for alleged violations of HIPAA or HITECH.

### NINETEENTH DEFENSE

Plaintiff's claims and causes of action are barred in whole or in part because Plaintiff failed to encrypt protected health information to fall within the safe harbor established by HITECH.

### TWENTIETH DEFENSE

HIPAA does not require credit monitoring or fraud resolution as a result of the allegations made by Plaintiff.

## TWENTY-FIRST DEFENSE

Plaintiff's claims and causes of action are barred in whole or in part because Plaintiff failed to follow best practices and/or industry standards with regard to the retention, storage and transmission of protected health information.

## TWENTY-SECOND DEFENSE

The indemnity provision of the contract (Number 11-03-0004) between HHC and GRM does not apply unless and until a third-party cause of action is filed. The indemnification provision of the contract (Number 11-03-0004) does not cover the costs associated with notification, credit monitoring or any other fraud resolution service or any other cost incurred by the Plaintiff.

## TWENTY-THIRD DEFENSE

GRM reserves the right to plead such additional defenses as may be appropriate depending upon facts later revealed during discovery.

**WHEREFORE,** defendant GRM Information Management Services, Inc. respectfully requests that this Court:

   a. Dismiss Plaintiff's Complaint;

   b. Enter judgment in GRM's favor upon all counts against it;

   c. Award GRM its reasonable litigation costs, expenses and counsel fees; and

   d. Grant such further relief as this Court deems just and appropriate.

DATED:	Jericho, New York
	March 21, 2011

                                              NIXON PEABODY LLP

                                              By: _____s/_____
                                                            James Weller
                                              50 Jericho Quadrangle
                                              Suite 300
                                              Jericho, New York  11753-2728
                                              Telephone: (516) 832-7500
                                              E-Mail:  jweller@nixonpeabody.com

                                              *Attorneys for Defendant*
                                              *GRM Information Management Services, Inc.*

TO:	Joshua P. Rubin, Esq.
	Michael Cardozo
	100 Church Street
	New York, NY  10007
	(212) 788-0995

	*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION,

               Plaintiff,

- vs -

GRM INFORMATION MANAGEMENT SERVICES,
INC.,

               Defendant.

Civil Action No. 11 Civ 1702

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2011, I electronically filed the foregoing with the Clerk of the District Court using its ECF system, which would then electronically notify the following ECF participants on this case:

    Joshua P. Rubin, Esq.
    Michael Cardozo
    100 Church Street
    New York, NY 10007

DATED:    Jericho, New York
                  March 21, 2011

                                  NIXON PEABODY LLP

                                  By: _____s/_____
                                          James Weller
                                  50 Jericho Quadrangle
                                  Suite 300
                                  Jericho, New York 11753-2728
                                  Telephone: (516) 832-7500
                                  E-Mail: jweller@nixonpeabody.com

                                  *Attorneys for Defendant*
                                  *GRM Information Management Services, Inc.*

13390622.1